THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM L. WILSON, Relator, against EDWARD M. FAY, as Warden of Green Haven Prison, Defendant.

Supreme Court, Special Term, Dutchess County, November 23, 1953.

*William L. Wilson*, relator in person.

*Nathaniel L. Goldstein, Attorney-General (Benjamin A. Gilman* of counsel), opposed.

*T. Vincent Quinn, District Attorney* of Queens County (*George J. Regan* of counsel), opposed.

BRENNAN, J. In this habeas corpus proceeding, the relator contends that he was improperly convicted and sentenced as a second felony offender in 1938, in the County Court of Queens County, N. Y., by reason of the fact that a previous conviction in 1928, in the State of North Carolina was for a crime which would not have been a felony if committed in the State of New York.

The relator argues that the North Carolina statute under which he was convicted in.1928, contains the phrase " break or enter " but does not set forth the words " break *and* enter ", such as are contained in the burglary statutes of this State, and therefore, the aforesaid crime of which he was convicted would not be a felony if committed in this State. It is important to note that the pertinent North Carolina Statute (North Carolina Code, ch. 82, § 4235) provides: " If any person, with intent to commit a felony or other infamous crime therein, shall break *or* enter either the dwelling house of another   *   *   *   or other building   *   *   *, he shall be guilty of a felony ". Thus, it appears that the aforesaid statute contains two alternative or disjunctive specifications, the violation of one of which would constitute a felony if committed in this State and the violation of the other would not constitute a felony if here committed. Under such circumstances, the court may and should examine the indictment and judgment of conviction of the other State to ascertain from the operative facts therein, which specification the defendant was charged with and of which he was convicted. Accordingly this court has examined the 1928 indictment and judgment of conviction of the defendant in the State of North Carolina; the same shows that the defendant pleaded guilty to the charge that at the dwelling house and building occupied by one, Fisher, he " did break and enter, with the intent to steal, take and carry away the merchandise, chattels   *   *   * of the said Fisher." If the defendant had been charged only with *entering* the said dwelling house with intent to steal, the crime would not constitute a felony if committed in this State. But since by his plea of guilty, the defendant admitted and

acknowledged that he did also *break* the subject dwelling with the intent to steal, this court is of the opinion that these last mentioned operative facts, if here committed, would constitute the crime of attempted burglary in the third degree, which is a felony in this State. (*People* v. *Love,* 305 N. Y. 722; *People* v. *Miller,* N. Y. L. J., Nov. 26, 1952, p. 1298, col. 4; cf. *People* v. *Dennis,* N. Y. L. J., Nov. 17, 1952, p. 1183, col. 6, affd. 282 App. Div. 747, motion for leave to appeal to the Court of Appeals denied Oct. 2, 1953.)

Since, in this court's opinion, the defendant was properly convicted and sentenced as a second felony offender, the writ is dismissed and the relator ordered remanded. Submit order.